# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL RIVERA,<br><br>    Plaintiff,<br><br>v.<br><br>FITBIT, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-02890-SI<br>Re: Dkt. No. 29 |
| ANA DA LUZ,<br><br>    Plaintiff,<br><br>v.<br><br>FITBIT, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-03381-SI<br>Re: Dkt. No. 30<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND** |

Plaintiffs in these related cases have filed motions to remand their cases to state court. Having considered the arguments and papers submitted, and for the reasons set forth below, the Court hereby GRANTS plaintiffs' motions and REMANDS these actions back to their respective Superior Courts: Case No. 16-cv-02890 to the Superior Court of the State of California, County of San Mateo ("San Mateo County Superior Court") and Case No. 16-cv-03381 to the Superior Court of the State of California, County of San Francisco ("San Francisco County Superior Court"). Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and hereby VACATES the hearings originally scheduled for August 5 and August 25, 2016.

## BACKGROUND

On April 28, 2016, plaintiff Raul Rivera commenced a securities class action alleging only claims under the federal Securities Act of 1933 (the "Securities Act") in the San Mateo County Superior Court. Case No. 16-cv-02890, Dkt. No. 1. On May 27, 2016, defendant Fitbit, Inc. ("Fitbit") removed the action to this Court under 28 U.S.C. § 1441(a). *Id.* On May 17, 2016, plaintiff Ana da Luz commenced a securities class action alleging only federal Securities Act claims in the San Francisco County Superior Court. Case No. 16-cv-03381, Dkt. No. 1. Defendant Fitbit removed that case to this Court on May 17, 2016, pursuant to 28 U.S.C. § 1441(a). *Id.* On June 17 and June 24, 2016, plaintiffs Rivera and da Luz, respectively, moved to remand their cases back to the Superior Court, arguing that the Securities Act, 15 U.S.C. § 77v(a), prohibits removal of class actions brought in state court alleging only federal Securities Act claims and that the Securities Litigation Uniform Standards Act ("SLUSA") did not eliminate concurrent state court jurisdiction of such cases. Case No. 16-cv-02890, Dkt. No. 29 at 8-9 ("Rivera Mot."); Case No. 16-cv-03381, Dkt. No. 30 at 8 ("da Luz Mot."). Fitbit has filed oppositions, and other defendants in the actions have filed joinders to those oppositions.[1] Case No. 16-cv-02890, Dkt. Nos. 33 ("Rivera Opp."), 35; Case No. 16-cv-03381, Dkt. Nos. 32 ("da Luz Opp."), 34, 35. On July 8, 2016, the Court found these two actions to be related to *Robb v. Fitbit, Inc.*, Case No. 3:16-cv-00151, pursuant to Civil Local Rule 3-12(f). Case No. 16-cv-02890, Dkt. No. 36; Case No. 16-cv-03381, Dkt. No. 36.

## LEGAL STANDARD

28 U.S.C. § 1441(a) states, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of

---

[1] Fitbit is represented by the same counsel in both actions, and its oppositions in the two cases are largely identical.

2

the United States for the district and division embracing the place where such action is pending." Where subject matter jurisdiction is lacking, federal law provides that a district court shall remand the action. 28 U.S.C. § 1447(c). Courts must strictly construe removal statutes against removal. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The burden of establishing grounds for federal jurisdiction rests on the removing party. *Id.* "However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther,* 533 F.3d at 1034 (citations omitted).

**DISCUSSION**

**I.      Motions to Remand**

The question before the Court is whether the Securities Act prohibits removal of these actions. Rivera Mot. at 7; da Luz Mot. at 7. Plaintiffs on both sides argue that it does, and that this Court lacks jurisdiction and must remand the case. Rivera Mot. at 9; da Luz Mot. at 8. Defendants counter that the 1998 SLUSA amendments gave federal courts exclusive jurisdiction over covered class actions brought under the Securities Act, thereby granting this court jurisdiction. Rivera Opp. at 9; da Luz Opp. at 7.

The parties agree that nearly every court within this district that has addressed this issue since 2012 has remanded this type of case back to state court, ruling that the Securities Act explicitly bars removal of securities class actions asserting only federal claims.[2] Defendants do

---

[2] *Pytel v. Sunrun, Inc.*, No. 16-cv-2566-CRB, Dkt. No. 27 at 3, Order Remanding Cases (N.D. Cal. July 12, 2016); *Elec. Workers Local #357 Pension & Health & Welfare Trusts v. Clovis Oncology, Inc.*, No. 16-cv-0933-EMC, 2016 WL 2592947, at *10 (N.D. Cal. May 5, 2016); *Iron Workers Mid-S. Pension Fund v. Terraform Glob., Inc.*, No. 15-cv-6328-BLF, 2016 WL 827374, at *1 (N.D. Cal. Mar. 3, 2016); *Kerley v. Mobileiron, Inc.*, No. 15-cv-4416-VC, Dkt. No. 34 at 1, Order Granting Mot. to Remand (N.D. Cal. Nov. 30, 2015); *Cervantes v. Dickerson*, No. 15-cv-3825-PJH, 2015 WL 6163573, at *7 (N.D. Cal. Oct. 21, 2015); *City of Warren Police & Fire Ret. Sys. v. Revance Therapeutics, Inc.*, 125 F. Supp. 3d 917, 920 (N.D. Cal. 2015) (Gilliam, J.); *Liu v. Xoom Corp.*, No. 15-cv-0602-LHK, 2015 WL 3920074, at *3 (N.D. Cal. June 25, 2015); *Plymouth Cty. Ret. Sys. v. Model N, Inc.*, No. 14-cv-4516-WHO, 2015 WL 65110, at *2 (N.D. Cal.

1 not meaningfully argue that anything has changed since those decisions were issued, but urges this
2 Court to part ways with other judges in this district and to find, consistent with what defendants
3 describe as the SLUSA's intent, that the SLUSA "explicitly divested state courts of jurisdictions
4 over class actions" brought under the Securities Act. Rivera Opp. at 2; da Luz Opp. at 2.  Having
5 examined the statutory language and persuasiveness of previous authority, the Court agrees with
6 the great majority of other judges in this district and finds that remand is proper.

"As with any question of statutory interpretation, [the Court] begins with the plain language of the statute." *Jimenez v. Quarterman,* 555 U.S. 113, 118 (2009) (citation omitted).  "In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) (citations omitted).  Accordingly, the Court looks to the Securities Act's jurisdiction and anti-removal provisions.

The Securities Act, as amended by the SLUSA, provides:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter . . . and, concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. . . . . **Except as provided in section 77p(c)** of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphasis added).

§ 77p(c) states: "Any covered class action brought in any State court involving a covered security, **as set forth in subsection (b)**, shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." 15 U.S.C. § 77p(c) (emphasis added).

---

Jan. 5, 2015); *Desmarais v. Johnson*, No. 13-cv-3666 WHA, 2013 WL 5735154, at *3 (N.D. Cal. Oct. 22, 2013); *Toth v. Envivo, Inc.*, No. 12-cv-5636-CW, 2013 WL 5596965, at *1 (N.D. Cal. Oct. 11, 2013), *recons. denied*, 2013 WL 5663100 (N.D. Cal. Oct. 17, 2013); *Reyes v. Zynga Inc.*, No. 12-cv-5065-JSW, 2013 WL 5529754, at *1 (N.D. Cal. Jan. 23, 2013); *Harper v. Smart Techs. Inc.*, No. 11-cv-5232-SBA, 2012 WL 12505217, at *5 (N.D. Cal. Sept. 28, 2012); *Young v. Pac. Biosciences of Cal., Inc.*, No. 11-cv-5668-EJD, 2012 WL 851509, at *4 (N.D. Cal. Mar. 13, 2012). *But see Lapin v. Facebook, Inc.*, No. 12-cv-3195-MMC, 2012 WL 3647409 (N.D. Cal. Aug, 23, 2012).

Finally, § 77p(b) provides:

> No covered class action **based upon the statutory or common law of any State or subdivision thereof** may be maintained in any State or Federal court by any private party alleging-- (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b) (emphasis added).

In *Iron Workers v. Terraform Global, Inc.*, Judge Freeman found the plaintiff's reading of the statutory language to be correct: "The most straightforward reading of the provisions is that only covered class actions with state law claims can be removed to federal court, as provided in § 77p(c), and only for the purpose of dismissing the state law claims, as required by § 77p(b)." *Iron Workers*, 2016 WL 827374, at *3. The Court agrees with this analysis, and in doing so is in line with the numerous other judges in this district who have examined the issue since 2012. The plain language of this statute asserts that only covered class actions with state law claims are removable. *See* 15 U.S.C. §§ 77p(b), (c), 77v(a); *see also Clovis Oncology, Inc.*, 2016 WL 2592947, at *5.

## II.    Fees and Costs

Plaintiffs also request awards of attorneys' fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

District courts have ample discretion when deciding whether to award attorneys' fees in an order to remand. *See Moore v. Permanente Med. Grp.*, 981 F.2d 443, 447 (9th Cir. 1992); *see also* 28 U.S.C. § 1447(c). While the Court finds that removal here was improper, based on this record the Court does not find that defendants' basis for removal was objectively unreasonable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The request for attorneys' fees and costs is therefore DENIED.

///

**CONCLUSION**

For the foregoing reasons, plaintiffs' motions to remand are hereby GRANTED, with the exception that plaintiffs' requests for attorneys' fees and costs is DENIED. Case No. 16-cv-02890 is REMANDED to the San Mateo County Superior Court and Case No. 16-cv-03381 is REMANDED to the San Francisco County Superior Court.

**IT IS SO ORDERED**.

Dated: July 27, 2016

_____
SUSAN ILLSTON
United States District Judge